No. 44,428

Helen Hughes Merry, *Appellant,* v. George W. Turley and Joe Lee, *Appellees.*

(412 P. 2d 982)

Opinion filed April 9, 1966.

A. L. *Shortridge,* of Joplin, Missouri, argued the cause, and *Paul Armstrong,* of Columbus, was with him on the briefs for the appellant.

*John B. Towner,* of Pittsburg, argued the cause, and H. *Gordon Angwin,* of Pittsburg, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a summary judgment in an action growing out of the alleged negligent operation of automobiles resulting in a collision and death.

The case is a companion to the case of *Secrist v. Turley,* 196 Kan. 572, 412 P. 2d 976. In the Secrist case, the action was brought by the parents of the deceased driver of one of the colliding automobiles. In the present case the action is brought by the mother of the deceased passenger in the same automobile.

The issues on appeal are the same in the two cases, except the deceased passenger is not charged with contributory negligence, and the Secrist case controls the decision in this case.

We held in the Secrist case that summary judgment was improperly granted on defendants' motion. Our reason for so holding, as set forth in the opinion in the Secrist case, is incorporated herein by reference.

We, therefore, conclude in this case that summary judgment was improperly entered in favor of the defendants.

We note appellees' complaint that the appellant included in the record an amended petition which was prepared following a pre-

trial conference and not filed, but did not include the original petition which was on file at the time the summary judgment complained of was rendered.

The inclusion was improper. The record should contain only such pleadings as are on file at the time the judgment appealed from was rendered. However, appellant did obtain permission to append the original petition to her printed brief. The error did not enlarge the printed record. The rights of the parties have not been prejudiced.

As the record indicates in this case that there remains a genuine issue as to a material fact, the summary judgment must be reversed and the case remanded to the district court for a trial of the factual issues.

It is so ordered.

APPROVED BY THE COURT.